UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HEHR INTERNATIONAL, INC., | : | |
| Plaintiff, | : | Civil Action No. 12-1624 (FSH) |
| -v- | : | |
| SIKA CORPORATION, | : | OPINION |
| Defendant. | : | |

**I. INTRODUCTION**

This matter comes before the Court by way of Plaintiff Hehr International, Inc.'s ("Plaintiff") Motion for Leave to file an Amended Complaint ("Motion"). ECF No. 38. Defendant Sika Corporation ("Defendant") opposes the motion. ECF No. 41. The Court has considered Plaintiff's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**II. BACKGROUND**

Many of the facts relevant to this motion are contained in Judge Hochberg's February 20, 2013, Opinion and Order. Op. and Order, ECF No. 30. Only the facts necessary for the instant motion will be discussed. Plaintiff manufactures the "1500 Series" windows exclusively for use on Daimler Buses North America's ("Daimler") Orion VII Bus ("Orion Bus"). Proposed Am. Compl., ECF No. 38-2 ¶ 11. Plaintiff entered into a contract with Defendant under which Defendant would be the exclusive supplier of adhesive bonding materials and technical

1

instructions for using the adhesive to bond Plaintiff's windows to the window frames of the Orion Bus. Id. In October 2007, Plaintiff began assembling the windows using the instructions supplied by Defendant. Id. ¶ 19. Then in June 2008, Daimler informed Plaintiff that the window glass was separating from the frame. Id. ¶ 20. Plaintiff notified Defendant of the potential defect in the bonding materials or instructions and Defendant allegedly acknowledged the "bonding failures." Id. ¶¶ 21, 23. On numerous occasions thereafter, Defendant recommended changes in the pre-treatment process to enhance adhesion and prevent separation. Id. ¶¶ 24, 28, 31, 36.

Daimler asked Plaintiff to inspect the entire fleet of buses and come up with a remedial plan to replace most of the 1500 Series windows because the defective bonding material harmed and "irreparably damaged" the majority of the windows. Id. ¶ 41, 46. Plaintiff alleges that it was impossible to repair most of the windows and requested that Defendant repair or replace the defective windows, but Defendant refused. Id. ¶ 39, 44, 46, 48.

On March 14, 2012, Plaintiff filed the original Complaint alleging breach of warranty and negligence. Compl., ECF No. 1 ¶¶ 51–70. On September 4, 2012, Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 10. The Court dismissed the negligence claim. Op. and Order, ECF No. 30 at 6.[1] The Court analyzed Plaintiff's common law claim as a New Jersey Product Liability Act claim and found that Plaintiff did not allege any separate harm—the only defect alleged in the original Complaint was related to the adhesive itself and not Plaintiff's window. Id. Thus, pursuant to

---

[1] The Court declined to dismiss the breach of warranty claim (Count One) or Plaintiff's demand for consequential damages. Op. and Order, ECF No. 39 at 7, 9.

the economic loss doctrine, the Court dismissed the negligence claim because there was no allegation of physical damage to property other than to the allegedly defective product. Id. On May 24, 2013, Plaintiff filed the present motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a), and seeks to correct the deficiencies noted by the Court in Count Two. In addition, Plaintiff seeks to amend its damages allegations. Mot. for Leave to Am., ECF No. 38-2. Defendant opposes Plaintiff's amended negligence claim, but does not oppose Plaintiff's amended damages allegations as to the breach of warranty claim. Opp'n Br., June 17, 2013, ECF No. 41.

Plaintiff argues that the Court should grant leave to amend because the motion is timely,[2] there is no undue delay or prejudice, and the amendment is not futile. Mot. for Leave to Am., ECF No. 38-3 at 2, 6. Defendant argues that Plaintiff's motion to amend is futile because: (1) New Jersey bars claims for negligence because New Jersey's Product Liability Act ("PLA") subsumes all negligence claims for harm caused by defective products; and (2) the "economic loss rule" bars any negligence claims for both damage to the allegedly defective product itself and consequential economic loss. Opp'n Br., ECF No. 41 at 2, 5–6.

On June 24, 2013, Plaintiff filed a reply brief in further support of its motion to amend the Complaint. Pl.'s Reply Br., ECF No. 45. Besides relying heavily on Rule 15's liberal standard, Plaintiff argues it has alleged sufficient factual allegations of irreparable damage to the windows caused by the defective bonding material and defective instructions. Id. at 2–4. Finally, Plaintiff argues the economic loss doctrine does not apply and the case law cited by

---

[2] The Court had ordered all motions to amend be filed by May 24, 2013. Amended Scheduling Order, ECF No. 33, at ¶ 10. Plaintiff filed its motion on that date.

Defendant was incorrectly decided. Id. at 6–8.

### III. LEGAL STANDARD

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court. Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 107, 121 (3d Cir. 1981). The Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman v. Davis, 371 U.S. at 178, 182 (1962); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Stated differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. Long v. Wilson, 383 F.3d 390, 400 (3d Cir. 2004) (citations, internal quotation marks, and emphasis omitted).

Here, Defendant objects to the Amended Complaint on the grounds of futility. Opp'n Br., ECF No. 41 at 2. Defendant does not argue that the Court should deny leave to amend on the basis of bad faith by Plaintiff, prejudice to Defendant, or undue delay to the Court. See id. Upon its own review of the record, the Court does not independently find reason to deny leave for Plaintiff to amend on the basis of bad faith, prejudice to defendant, or undue delay. Thus, the Court will discuss only whether the proposed amendments are futile.

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J 1990) (internal citations and quotations marks omitted). In determining whether an amendment is "insufficient on its face," the Court employs the same

4

standard as applies under a Rule 12(b)(6) motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Under that analysis, the question before the Court is not whether the movant will ultimately prevail, but rather whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and demands that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." Id. at 555 (citations and internal quotation marks omitted).

A two-part analysis determines whether this standard is met. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (interpreting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). First, a court separates a claim's factual and legal elements. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the documents incorporated therein must be accepted as true, but the Court may disregard any legal conclusions. Id.; Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted).

Second, a court must determine whether the pleader articulates "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Fowler, 578 F.3d at 211. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5

Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although this is not a "probability requirement," to make a showing of entitlement to relief the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79 (citations and internal quotation marks omitted).

A court may consider a very limited record when evaluating whether a proposed amendment is futile. Specifically, the Court may only consider the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord W. Penn, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint"). Accordingly, the Court will consider only the Proposed First Amended Complaint (ECF No. 38) and the documents attached to it.

IV.   DISCUSSION

   A.   **Common-Law Negligence Claim**

In both its original and proposed amended complaints, Plaintiff sets forth a common law negligence claim. As Judge Hochberg already found, the PLA "subsumes common-law tort claims involving harm from products." Op. and Order, ECF No. 30 at 4. "Negligence claims against manufacturers of defective products are no longer recognized by New Jersey courts as independent claims in product liability actions." Thomas v. Ford Motor Co., 70 F. Supp. 2d 521, 528 (D.N.J. 1999). Indeed, the "Third Circuit, the New Jersey District Court, and New Jersey State Courts consistently have dismissed product liabilities claims based on common-law tort

6

theories." Brown ex rel. Estate of Brown v. Philip Morris Inc., 228 F. Supp. 2d 506, 516. See also Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 313 (3d Cir. 1999) (dismissing negligence claim); Repola v. Morbark Indus., Inc., 934 F.2d 483, 489–94 (dismissing claims of negligence and negligent failure to warn); Tirrell v. Navistar Int'l Inc., 248 N.J. Super. 390, 399 (App. Div. 1991) (dismissing negligence claim). Despite this case law and Judge Hochberg's clear Opinion and Order, Plaintiff continues to attempt to assert a negligence claim. Plaintiff's negligence claim fails for that reason alone.

### B. PLA Claim

Plaintiff argues in its reply that the Court should analyze the complaint's second cause of action as a PLA claim. Pl.'s Reply Br., ECF No. 45 at 7. Even if the Court accepted Plaintiff's invitation to ignore the pleading itself and construe the common law claim as a PLA claim, it is still futile. The PLA provides:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J.S.A. § 2A:58C-2.

To state a prima facie case under the PLA, Plaintiff must plead facts alleging that: (1) Defendant manufactured the product; (2) a reasonably foreseeable user was injured; (3) the product was defective; (4) the defect existed when it left the Defendant's control; and (5) the defect was the factual and proximate cause of the Plaintiff's injury. Durkin v. Paccar, No.10-

2013, 2010 U.S. Dist. LEXIS 110999, at *20–21 (D.N.J. Oct. 19, 2010) (citing Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84 (1999); Zaza v. Marquess & Nell, Inc., 144 N.J. 34 (1996); Jurado v. W. Gear Works, 131 N.J. 375 (1993)).

The PLA provides a remedy for "harm" caused to other property. N.J.S.A. § 2A:58C-1(a). Because the PLA defines "harm" as "physical damage to property, other than to the product itself", this statute acts as a bar to tort claims based on defective products causing injury only to the defective product itself. N.J.S.A. § 2A:58C-1(b)(2); see Dean v. Barrett Homes Inc., 204 N.J. 286, 295 (2010); Int'l Flavors & Fragrances, Inc. v. McCormick & Co., Inc., 575 F. Supp. 2d 654, 662–63 (D.N.J. 2008) (explaining that "damage done to a final product by a defective component or ingredient does not constitute damage to property 'other than to the product itself'"); Travelers Indem. Co. v. Dammann & Co., Inc., 592 F. Supp. 2d 752, 763–62 (D.N.J. 2008) (barring PLA claim because defective vanilla beans were integrated into vanilla extract and other flavors).

Judge Hochberg found Plaintiff's original allegations deficient as "[t]he only defect alleged in the Complaint relates to the adhesive itself, and it is not alleged that the windows have been irreparably harmed." Op. and Order, ECF No. 30 at 6. In particular, Judge Hochberg took issue with Plaintiff describing the repair or replacement process as a "retrofit." Id. Describing the process as a retrofit was insufficient to support an allegation that a defective product "irreparably harmed" Plaintiff's property for purposes of the PLA. Instead, the Court found, a retrofit describes a process by which the allegedly harmed windows "may be repaired by installing effective adhesive in the previously manufactured windows." Id.

Apparently to rectify this pleading deficiency noted by Judge Hochberg, Plaintiff now

8

alleges that it had to pay for the "replacement of most of the 1500 windows" and "[t]he defective bonding and bonding instructions provided by [Defendant] caused irreparable damage to windows . . . such that many of the windows were no longer usable . . . ." Proposed Am. Compl. ¶¶ 49, 68. Plaintiff has merely changed its description of the repair or replacement process from a "retrofit" in the original Complaint, to an assertion that most of the windows had to be replaced. Compare Compl., ECF No. 1 ¶¶ 46, 49, 62, with Proposed Am. Compl., ECF No. 38-2 ¶¶ 46, 49, 62.

Despite this change, the proposed amendments provide little factual support for the alleged "irreparable damage" to the windows. That the defective product–the adhesive bonding– had to cause damage to other property is unquestionably an element of a PLA claim. See Op. and Order, ECF No. 30 at 6. Much of Plaintiff's original allegations explain how the bonding had to be remedied by adding an "abrasion step." Compl. ¶¶ 28, 31, 38, 58. Now, Plaintiff alleges that the damages were irreparable without explaining: (1) how the windows were irreparably damaged; (2) why some windows had to be replaced while others did not; (3) that replacement (in lieu of retrofitting) was necessary and not elective; or (4) that there even was actual physical damage to the windows caused by the adhesive. See Proposed Am. Compl., ECF No. 38-2 ¶¶ 2, 46, 49, 62, 68. Twombly requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The concerns Judge Hochberg had are still present. Plaintiff has not cured the deficiencies in its original Complaint other than offer conclusive statements without adequate support. Plaintiff's new allegations still are insufficient to state a claim, rendering the amendment futile. See Iqbal, 556 U.S. at 678. Plaintiff, perhaps recognizing this deficiency, claims that its allegations of damage

9

to the windows by the defective adhesive "will be supported by detailed evidence." Mot. for Leave, ECF No. 38-3 at 5. The Supreme Court's decision in Twombly instructs that is not enough. Plaintiff cannot overcome a pleading sufficiency by promising to provide adequate factual support at a later date.[3]

Thus, the Court denies Plaintiff's motion to amend its complaint on the grounds of futility.

**C.     Damages**

The Defendant does not oppose Plaintiff's amendment to its damages allegation as to the breach of warranty claim. Plaintiff seeks to update the alleged damages to reflect newly discovered information and the "continuing" damages incurred by Plaintiff. Mot. for Leave, ECF No. 38-3 at 2; Proposed Am. Compl. ¶¶ 50, 63, 71. Upon its own review of the record, the Court does not independently find reason to deny leave for Plaintiff to amend on the basis of bad faith, prejudice to Defendant, undue delay, or futility.

---

[3] Plaintiff appears to recognize that its factual support in the proposed Amended Complaint is lacking. Plaintiff's reply brief includes a footnote that states: "To the extent the Court believes that additional facts describing the damage to the windows are necessary, such additional information could easily be provided and plaintiff requests leave to modify its proposed Amended Complaint if necessary." Pl.'s Reply Br., ECF No. 45 at 5 n.5. But Plaintiff, as master of its own pleadings, had that opportunity when it filed the proposed Amended Complaint.

V. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion to amend its Complaint as to the proposed negligence claim, and grants Plaintiff's motion to amend its damages allegation as to the breach of warranty claim.

Date: August 5, 2013	*s/Michael A. Hammer*
UNITED STATED MAGISTRATE JUDGE